JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

FEB 11 1988

PATRICIA D. HOWARD
CLERK OF THE PANEL

DOCKET NO. 747

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE LITIGATION INVOLVING ALLEGED KICKBACK SCHEME OF JOHN AND LINDA GIBSON

TRANSFER ORDER*

This litigation presently consists of two actions pending in two federal districts: one action each in the District of New Jersey and the District of Connecticut. Before the Panel is a motion by AT&T Resource Management Corporation (AT&T), the sole plaintiff in each action, to centralize the actions in this litigation, pursuant to 28 U.S.C. §1407, in the District of New Jersey for coordinated or consolidated pretrial proceedings. All three defendants in the litigation oppose the Section 1407 motion.

On the basis of the papers filed and the hearing held, the Panel finds that these two actions involve common questions of fact and that centralization under Section 1407 in the District of New Jersey will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. These common factual questions arise because each action focuses on an alleged kickback scheme purportedly created and carried out by defendants in both actions. Centralization under Section 1407 is thus necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary. The parties opposing centralization in the District of New Jersey key many of their arguments to the fact that the sole defendant in the Connecticut action was previously dismissed as a defendant in the New Jersey action for lack of personal jurisdiction. We observe, however, that this prior dismissal does not bar Section 1407 transfer of the action now pending against that defendant to the District of New Jersey. "[T]he fact that defendants may not all be amenable to suit in the same jurisdiction does not prevent their transfer to a single district for pretrial proceedings where the prerequisites of Section 1407 are otherwise satisfied." In re Kauffman Mutual Fund Litigation, 337 F. Supp. 1337, 1339 (J.P.M.L. 1972).

---

\* Judge Milton Pollack took no part in the decision of this matter.

In designating the District of New Jersey as transferee forum, we note that 1) plaintiff AT&T has its principal place of business there; and 2) the action already pending in that district is the first-filed and more advanced of the two actions in the litigation.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the action listed on the attached Schedule A and pending in the District of Connecticut be, and the same hereby is, transferred to the District of New Jersey and, with the consent of that court, assigned to the Honorable Garrett E. Brown, Jr. for coordinated or consolidated pretrial proceedings with the action pending in that district and listed on Schedule A.

FOR THE PANEL:

Andrew A. Caffrey
Chairman

## SCHEDULE A

<u>MDL-747 -- In re Litigation Involving Alleged Kickback Scheme of John and Linda Gibson</u>

<u>District of Connecticut</u>

<u>AT&T Resource Management Corporation v. Linda V. Gibson,</u> C.A. No. B-87-470(TFGD)

<u>District of New Jersey</u>

<u>AT&T Resource Management Corporation v. John L. Gibson, et al.,</u> C.A. No. 85-3051(GEB)